IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:17cr134

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF FORFEITURE** |
| | ) | |
| (21) PEDRO GUTIERREZ | ) | |

THIS MATTER is before the Court on the United States Motion, pursuant to the trial and sentencing record and Fed. R. Crim. P. 32.2(b), requesting that this Court enter a Preliminary Order of Forfeiture for the following funds (hereafter, "the Funds"):

- Approximately $6,767.03[1] in funds seized in or about May 2017 from an inmate account held by or for the benefit of Pedro Gutierrez, Inmate 96A4182, at the New York Department of Corrections.

The United States contends that the Funds are subject to forfeiture pursuant to 18 U.S.C. § 1963(a)(1), (2), and (3) as any interest acquired or maintained in violation of the racketeering statute at 18 U.S.C. § 1962, any property affording a source of influence over the charged racketeering enterprise, and/or any property constituting or derived from any proceeds obtained, directly or indirectly, from the racketeering.

For good cause, based on the record, Verdict of Guilt, and Special Verdict of Forfeiture, and based on a preponderance of the evidence, this Court HEREBY FINDS a nexus between the Funds and Count of conviction and HEREBY GRANTS the Motion    The Court FINDS AS FOLLOWS:

---

[1] The Government's Motion contained a typographical error that indicated that the amount seized was $6,676.03 when, in fact, the amount seized and the amount on which the Jury returned a Special Verdict was $6,767.03.

**BACKGROUND**

On March 13, 2018, a Grand Jury in the Western District of North Carolina returned a Second Superseding Indictment (Doc. 1241; hereafter, "Indictment") against Defendant and others, charging Defendant with racketeering conspiracy as set forth in Count One. The charge was based, in part, on Defendant's role as a Godfather of the UBN. The Indictment contained a "Notice of Forfeiture and Finding of Probable Cause" whereby the Grand Jury found probable cause for forfeiture of "[a]ll funds in an inmate account held by or for the benefit of PEDRO GUTIERREZ, Inmate 96A4182, at the New York Department of Corrections[.]" Indictment (Doc. 1241) at Page 130. Law enforcement seized such funds, in the amount of $6,767.03, pursuant to a Seizure Warrant (WDNC Case 3:17MJ188) issued on probable cause that the Funds were subject to forfeiture pursuant to 18 U.S.C. § 1962.

Defendant Gutierrez elected trial. During an eleven day trial of Defendant Gutierrez, along with defendants James Baxton and Cynthia Gilmore, the Government introduced numerous witnesses and documents. Witnesses testified about how middle and upper gang management required gang dues of lower level members. Witnesses testified about the submission of these gang dues to Defendant's inmate account. Indeed, the Government introduced Exhibit 4, reflecting such transactions. Witnesses also testified about how gang management threatened discipline of those members who did not submit dues. These threats of discipline suggest that, aside from simply funding Defendant's expenses and activities as he oversaw the gang from prison, the dues and prison inmate accounts—effectively accounts controlled by the leading officers of the enterprise—afforded influence over the enterprise and a means to keep in-check members and test the loyalty of those members obliged to follow UBN rules. On May 17, 2018, the Jury

returned a Verdict of guilt on the racketeering conspiracy charge. On the same day, the Jury—the same Jury that heard all of the evidence on the inmate accounts—returned a Special Verdict of forfeiture, finding a nexus between the Funds and the racketeering conspiracy.

The United States now files its Motion to obtain a Preliminary Order of Forfeiture based on the Jury's verdicts and evidence and information on the record.

## LEGAL CONCLUSIONS

Title 18 U.S.C. § 1963(a)(1), (2), and (3) and Fed. R. Crim. P. 32.2(b)(1) provide for preliminary forfeiture of any interest acquired or maintained in violation of the racketeering statute at 18 U.S.C. § 1962, any property affording a source of influence over the charged racketeering enterprise, and/or any property constituting or derived from any proceeds obtained, directly or indirectly, from the racketeering. Forfeiture is appropriate upon a court finding of a nexus, or connection, between the property and the violations. Fed. R. Crim. P. 32.2(b)(1)(A). The finding may be based on evidence already in the record and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). The burden of proof on forfeiture is preponderance of the evidence. *See, e.g., United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003).

Here, the preponderance standard is easily satisfied by the trial evidence and information on the record, summarized above, on deposits of gang dues into Defendant's inmate trust account—essentially a profit-holding account of an enterprise managed from prison—as well as the long-term imprisonment of Defendant without substantial legitimate income[2] and the use of the gang dues requirement as a means for leaders to discipline the gang and maintain control

---

[2] The sentencing record suggests that, as opposed to obtaining legitimate income in prison, Defendant instead trafficked in narcotics.

over the hierarchy of the gang.[3]   Further, the Jury not only found Defendant guilty, but also returned a Special Verdict of forfeiture, finding, based on Section 1963(a)(1), (2), and (3), a nexus between the seized Funds and the racketeering conspiracy.   Under these circumstances, the record clearly supports forfeiture of the Funds on one or more of the theories set forth in Section 1963(a).  *See, e.g., United States v. Najjar*, 300 F.3d 466, 485-86 (4th Cir. 2002) (reasoning, on defendant's Eighth Amendment challenge to forfeiture, that District Court did not clearly err when it found that "'all of the property becomes tainted by [the] racketeering activity once it got well underway.'"); *United States v. Bangiyev*, 141 F. Supp. 3d 589, 593, 599 (E.D. Va. 2015) (discussing, at multiple points, a proportionality test applicable to forfeitable "interests outside of the enterprise," but ultimately concluding that each property that the Government sought to forfeit was subject to forfeiture in its entirety based on a combination of RICO theories and substitute asset theories; emphasizing that unexplained wealth formed a basis for many of the court's conclusions on RICO proceeds forfeiture); *United States v. Pinson*, 2015 WL 1578726, at *6 (D.D.C. April 9, 2015) (ordering forfeiture of contract rights affording source of influence over enterprise).

**WHEREFORE**, based on the aforementioned record whereby the Government has established, by a preponderance of the evidence, a nexus between the Funds and Count of conviction, the Government's Motion is **GRANTED**, the following property is ordered forfeited pursuant to Fed. R. Crim. P. 32.2(b), and the Government is authorized to take and maintain custody of the property for forfeiture:

---

[3] The Government also introduced evidence of prison communications related to Defendant.   Although the funding of communication activities was not directly addressed at trial, the Jury certainly could have inferred, as could this Court, that gang dues sent to Defendant were actually used to further gang communications.

- Approximately $6,767.03 in funds seized in or about May 2017 from an inmate account held by or for the benefit of Pedro Gutierrez, Inmate 96A4182, at the New York Department of Corrections.

Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited Funds must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order, as a substitute for published notice as to those persons so notified.

Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture. If no third parties file petitions, this Order shall become final by operation of law.

**SO ORDERED.**

Signed: September 7, 2018

Frank D. Whitney
Chief United States District Judge