# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### 3:22-cv-00077-FDW
#### (3:17-cr-00134-FDW-DSC-21)

| | |
|---|---|
| PEDRO GUTIERREZ,        ) | |
|        ) | |
|       Petitioner,        ) | |
|        ) | |
| vs.        ) | **ORDER** |
|        ) | |
| UNITED STATES OF AMERICA,        ) | |
|        ) | |
|       Respondent.        ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I.    BACKGROUND

On March 13, 2018, a federal grand jury indicted Petitioner and over 80 other members of the United Blood Nation ("UBN") gang on various charges, including conspiracy to engage in a pattern of racketeering activities, in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d). [CR Doc. 1241]. The racketeering activities included multiple acts involving murder and robbery, use or carry of a firearm during and in relation to a crime of violence, assault with a dangerous weapon, possession with the intent to distribute illegal narcotics, possession of a firearm by convicted felons, wire fraud, identity theft, and bank fraud. United States v. Gutierrez, 963 F.3d 320, 328 (2020). Petitioner was the leader,

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:22-cv-00077-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-cr-00134-FDW-DSC-21.

or "godfather," of the Nine Trey Gangsters, one of nine tightly controlled sets of the UBN. Id. at 327.

Petitioner proceeded to trial and was found guilty by a jury of RICO conspiracy in violation of 18 U.S.C. §§ 1962(d) and 1963(a). [CR Doc. 1568: Jury Verdict]. Petitioner was sentenced to a term of imprisonment of 240 months. [CR Doc. 2035: Judgment]. Judgment on Petitioner's conviction was entered on September 6, 2018. [Id.]. Petitioner appealed his conviction and sentence. [CR Doc. 2050: Notice of Appeal]. The Fourth Circuit affirmed. Gutierrez, 963 F.3d at 344.

On January 3, 2022, Petitioner timely filed the instant motion to vacate.[2] [CV Doc. 1]. Petitioner claims that his Fifth Amendment due process rights were violated because the Court lacked subject matter jurisdiction over his case under 18 U.S.C. § 3231. [Id. at 4]. In support of this claim, Petitioner asserts that, "[t]he Government has failed to submit into the record evidence: (1) any documentation showing ownership by the United States (Federal Government) over the place where the criminal activity is alleged in the Complaint/Indictment to have occurred, and (2) any cessions and acceptance of jurisdiction." [Id.]. He also contends that, "the criminal statute exceeds the power of congress as applied to Petitioner's alleged conduct." [Id.].

For relief, Petitioner wants to "be discharged from his unconstitutional confinement and restraint." [Id. at 12].

## II.    STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence,

---

[2] Because Petitioner's motion was not received by this Court until February 23, 2022, the Court ordered the parties to provide evidence demonstrating when Petitioner placed his motion to vacate in the prison mailing system. [CV Doc. 3]. The parties responded [CV Docs. 4-6] and the Court is satisfied that Petitioner's motion is timely.

or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. In many cases, an evidentiary hearing is required to determine whether or not counsel was ineffective for misadvising a petitioner about a plea offer. See generally United States v. Witherspoon, 231 F.3d 923, 926–27 (4th Cir. 2000); 28 U.S.C.A. § 2255(b). After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner has failed to present a colorable claim under Section 2255. Citing 18 U.S.C. § 3231, Petitioner claims that the Court lacked subject matter jurisdiction over his case. Petitioner also offers the unelaborated contention that "the criminal statute exceeds the power of Congress," which is vague and conclusory and subject to dismissal on this ground alone. See United States v. Dyess, 730 F.3d 354, 359-60 (4th Cir. 2013) (holding it was proper to dismiss § 2255 claims based on vague and conclusory allegations).

"Subject-matter jurisdiction (in the sense of judicial power) over federal criminal prosecutions is conferred on district courts by 18 U.S.C. § 3231." United States v. Hartwell, 448 F.3d 707, 716 (4th Cir.), cert. denied, 549 U.S. 938, 127 S.Ct. 328 (2006). As such, a federal district court has jurisdiction over "all offenses against the laws of the United States." See 18

U.S.C. § 3231. "Moreover, there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the jurisdictional inquiry." United States v. Kilgore, 2007 WL 4022840, at *1 (4th Cir. 2007) (unpublished decision) (quotation marks and citation omitted).

Petitioner does not dispute that his criminal prosecution involved the laws of the United States. Rather, he seems to argue that the Government was obligated to show that it owned the land on which Petitioner's criminal activity occurred or that he acquiesced in the Court's jurisdiction. This is plainly not the law and directly undermined by the very statute Petitioner cites. Moreover, Congress is and was undoubtedly authorized to criminalize Petitioner's criminal conduct and to assign the prosecution therefore to federal courts. The Court will, therefore, dismiss Petitioner's motion to vacate.

In sum, Petitioner has presented no grounds supporting relief under Section 2255. The Court, therefore, denies and dismisses Petitioner's motion to vacate.

IV.     CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's Section 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1.     Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc.1] is **DENIED** and **DISMISSED**.

2.     **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

4

debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: March 29, 2022

Frank D. Whitney
United States District Judge